**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **GEOFFREY CRAIG PICKENS,**<br>**Gwinnett Cty. ID # 99083067,**<br>      **Plaintiff,**<br><br>      **v.**<br><br>**R. L. (BUTCH) CONWAY,**<br>**DR. SHAHZAD HASHMI, et al.,**<br>      **Defendants.** | **CIVIL ACTION NO.**<br>**1:18-CV-03157-TWT-JSA**<br><br><br><br>**PRISONER CIVIL RIGHTS**<br>**42 U.S.C. § 1983** |

**MAGISTRATE JUDGE'S NON-FINAL
<u>REPORT AND RECOMMENDATION</u>**

Plaintiff, a Gwinnett County prisoner, seeks relief in this 42 U.S.C. § 1983 action from alleged medical deliberate indifference. He has received leave to proceed *in forma pauperis*, and his complaint is now ready for frivolity review.

**I.      <u>The Legal Framework</u>**

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010). Title 28 U.S.C. § 1915A requires a federal court to conduct an initial screening of a prisoner complaint seeking redress from a governmental entity, or from an officer or employee of such an entity, to

determine whether the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and "only a complaint that states a plausible claim for relief survives." *Id.* at 678-79. To be plausible, the complaint must contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct." *Id.* at 679.

## II.   <u>Discussion</u>

Plaintiff sues Gwinnett County Sheriff R. L. (Butch) Conway; Dr. Shahzad Hashmi; Karen Harris, RN; Corizon Medical; and Correct Care Solutions. (Doc. 1 at 3). Plaintiff alleges the following. He entered the Gwinnett County Detention Center ("GCDC") in May 2014 and has since endured excruciating back pain, caused by lumbar facet syndrome, without adequate medical treatment during the entire four-year period. (*Id.* at 3-7). In February 2018 — after almost four years of ineffectual treatment and constant delays in the medical staff's supposed attempts to obtain Plaintiff's private-care medical records, including the results of his MRI — Plaintiff filed a pre-grievance, to which Nurse Harris responded by stating that the

2

medical staff would "evaluate, monitor and treat based upon their findings." (*Id.* at 3-5). After two months, Plaintiff filed a formal grievance, and for the first time he was examined by a medical doctor. (*Id.* at 5). The doctor stated that he was not familiar with lumbar facet syndrome, although he did renew Plaintiff's soft shoe profile despite his assertion that the jail administration had directed the medical staff not to issue any more of these profiles. (*Id.* at 5-6).

In response to Plaintiff's appeal from the denial of his grievance, Nurse Harris told him that on numerous occasions he had been prescribed tylenol, naproxen and motrin. (*Id.* at 6). Plaintiff insists that these anti-inflammatory medications are designed to address muscular problems and do nothing to relieve the nerve pain he experiences. (*Id.*). He also discounts Nurse Harris's recommendation "that exercises would help strengthen [his] back," opining that "their continual insistence that exercises will help further supports that they do not know anything about lumbar facet syndrome because exercise will only aggravate it." (*Id.* at 6-7). Plaintiff states:

> The denial of any type of proper treatment for my documented medical condition that they have been told on numerous occasions causes me to be in excruciating pain on a daily basis for 4 years and never even making an attempt to obtain my medical records from my doctor, a specialist, that has my M.R.I. as well as a detailed treatment plan specific to my condition is clearly a case of deliberate indifference.

(*Id.* at 7). Plaintiff seeks injunctive relief and damages. (*Id.* at 4).

3

### A.   Medical Deliberate Indifference

The Eighth Amendment prohibits indifference to a convicted prisoner's serious medical needs so deliberate that it "constitutes the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (internal quotations omitted). "To prevail on a claim of deliberate indifference, a plaintiff must show: (1) a serious medical need; (2) defendant's deliberate indifference to that need; and (3) causation between the defendant's indifference and the plaintiff's injury." *McDaniels v. Lee*, 405 Fed. Appx. 456, 458 (11th Cir. 2010) (citing *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306-07 (11th Cir. 2009)). "A 'serious medical need' is one that is diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would recognize the need for medical treatment." *Pourmoghani-Esfahani v. Gee*, 625 F.3d 1313, 1317 (11th Cir. 2010) (internal quotations omitted).

"A core principle of Eighth Amendment jurisprudence in the area of medical care is that prison officials with knowledge of the need for care may not, by failing to provide care, delaying care, or providing grossly inadequate care, cause a prisoner to needlessly suffer the pain resulting from his or her illness."   *McElligott v. Foley*, 182 F.3d 1248, 1257 (11th Cir. 1999) (noting that "prison officials may violate the Eighth Amendment's commands by failing to treat an inmate's pain"). In determining whether a delay in treatment rises to the level of deliberate indifference,

4

relevant factors include: "(1) the seriousness of the medical need; (2) whether the delay worsened the medical condition; and (3) the reason for the delay." *Goebert v. Lee Cnty.*, 510 F.3d 1312, 1327 (11th Cir. 2007).   Plaintiff's claim of medical deliberate indifference is sufficient at least pursuant to this Court's screening review and should proceed.[1]

## B.  Sheriff Conway and the Health Care Companies

But Plaintiff has not alleged any action, or failure to act, by Sheriff Conway, nor any GCDC policy or custom related to medical care for which the Sheriff might be responsible. *See Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (noting the well-established rule that "supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability" — and also noting that "[t]he standard by which a supervisor is held liable in his individual capacity for the actions of a subordinate is extremely

---

[1] In issuing this recommendation, the undersigned makes no finding that Plaintiff's claim would necessarily withstand a motion to dismiss, nor reaches any conclusions about possible defenses the Defendants may assert. The undersigned is simply recommending that the claim be allowed to proceed, thus requiring a responsive pleading and/or motion. *See, e.g., Livingston v. City of Syracuse*, No. 7:15-CV-475 (GLS/ATB), 2015 U.S. Dist. LEXIS 54261, at *8 (N.D.N.Y. Apr. 27, 2015) ("Based on the liberality with which pro se complaints are handled, this court will allow this action to proceed. This court makes **no finding as to the ultimate merits of the case** or whether it would survive a motion to dismiss or one for summary judgment." (footnote omitted)).

rigorous"). Nor has Plaintiff alleged any policy or custom of Corizon Medical or Correct Care Solutions that has deprived him of his constitutional right to minimally adequate health care.[2] These Defendants should be dismissed.

## III.   Conclusion

It is therefore **RECOMMENDED** that Plaintiff's medical deliberate indifference claim be **ALLOWED TO PROCEED** against Nurse Harris and Dr. Hashmi and **DISMISSED** against Sheriff Conway, Corizon Medical and Correct

---

[2]*See Massey v. Montgomery Cnty. Det. Facility*, 646 Fed. Appx. 777, 780 (11th Cir. 2016):

> [Plaintiff's] claim that [Corizon] is responsible for the allegedly substandard medical treatment he received after he got sick fails because he has not alleged that [Corizon] had a policy or custom that contributed to the alleged deficiencies in the treatment. In *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978), the Supreme Court held that a state actor "cannot be liable under § 1983 on a respondeat superior theory." Instead, a state actor may be held liable under § 1983 only "when execution of a government's policy or custom" is responsible for the alleged deprivation of civil rights. Id. at 694. *Monell*'s "policy or custom" requirement covers [Corizon] because, as [the Eleventh Circuit has] held, the requirement "applies in suits against private entities performing functions traditionally within the exclusive prerogative of the state, such as the provision of medical care to inmates." *Buckner v. Toro*, 116 F.3d 450, 453 (11th Cir. 1997). Thus, to prevail on his claim against [Corizon, Plaintiff] must show that [it] had a policy or custom that caused the deliberate indifference of which he complains. But he has not alleged that such a policy or custom existed. At most, he argues that [Corizon] is liable because it employed [health care providers who allegedly were deliberately indifferent to Plaintiff]. That is the type of respondeat superior theory of liability precluded by *Monell*.

Care Solutions.

Should the District Judge allow any of Plaintiff's claims to proceed, the Clerk is directed to resubmit this matter to the Magistrate Judge for further proceedings.

**SO RECOMMENDED** this 8th day of August, 2018.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE